# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**JOSEPH SHONKA,**

    **Plaintiff,**

vs.                                                    **Case No.:**

**GLOBAL GO, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH SHONKA ("Plaintiff"), by and through his undersigned attorney, hereby sues the Defendant, GLOBAL GO, LLC ("Global Go" or Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. On November 20, 2024, Mr. Shonka complained about an improper billing practice and stated that he was delaying billing on a renovation project at the Fort Campbell, KY army base because he refused to "**provide false documents to the Army**." (emphasis in original)

2. On November 26, 2024, Mr. Shonka again raised the inability to meet contractual obligations because of critical issues and delays and previous instances of improper billing.

3. The next day, on November 27, 2024, Mr. Shonka's employment was terminated under false pretenses.

4. The False Claims Act ("FCA") and Florida Private Whistleblower Act "("PWA") protects employees like Mr. Shonka who oppose fraud upon the government and Mr. Shonka brings this action to redress his unlawful termination.

5. Mr. Shonka also seeks an unpaid profitability bonus that was promised to him.

## JURISDICTION

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).

7. The jurisdiction of the Court over this controversy is based upon 30 U.S.C. § 3730 and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's claims under the Florida Private Whistleblower Act ("PWA"), Fla. Stat. 448.102, and for breach of contract, pursuant to 28 U.S.C. § 1367 since these claims are so related to his claim under the FCA such that they form part of the same case or controversy.

9. Venue is proper in the Middle District of Florida since Defendant's principal address is located in this District.

## PARTIES

10. Plaintiff Joseph Shonka is a former employee of Global Go, LLC.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FCA and PWA.

12. Defendant Global Go, LLC is a Florida limited liability company with its principal place of business located at 416 Traditions Dr., Ave Maria, FL 34142.

13. At all times material hereto, Global Go LLC was a "person" within the meaning of FCA and an "employer" with the meaning of the PWA.

## FACTS

14. Around December 2023, Mr. Shonka was hired as a consultant for Global Go's renovation project for the Army base located at Fort Campell, KY ("Fort Campbell").

15. Around March 2024, Mr. Shonka took over as Project Manager for Fort Campbell responsible for billing and overseeing the progress of the project.

16. In early September 2024, Mr. Shonka renegotiated his compensation with Adam McKay, President of Global Go.

17. As part of the new compensation structure, Mr. Shonka was promised a profitability bonus of 8% of the total project profit after it reaches $1,800,000.

18. If Mr. Shonka was terminated for anything other than egregious management or safety failures, or criminal activity, Mr. Shonka would receive the portion of the bonus earned up to the date of termination based on a prorated calculation.

19. In September and October 2024, Mr. Shonka raised issues with Dunn Electric improperly performing work, which had delayed progress on the Fort Campbell project.

20. In November 2024, Mr. Shonka complained about the delays in the project and that there was a request to reimburse the salary of an employee even though he had "zero role/responsibility with the project"

21. On November 20, 2024, Mr. Shonka again raised concerns that the project was behind schedule and there was an obligation to notify the Army of the delays.

22. Mr. Shonka also wrote, "I'm also delaying billing this month until we resolve these outstanding issues.  Without being able to make decisions on this project I am uncertain what to bill or what progress to expect and **I will not provide false documents to the Army**."  (emphasis in original).

23.  On November 26, 2024, Mr. Shonka again raised the inability to meet contractual obligations because of critical issues and delays and previous instances of improper billing practices.

24. The next day, on November 27, 2024, Mr. Shonka's employment was terminated under false pretenses.

25. As part of the termination, Global Go failed to pay Mr. Shonka a prorated portion of the profitability bonus.

## COUNT I
## VIOLATION OF 31 U.S.C. §3730(h)

26. Plaintiff realleges and adopts the allegations stated in Paragraphs 10-25 as though fully set forth herein.

27. As detailed above, Plaintiff had an objectively reasonable belief that Defendant is violating, or will soon violate, the FCA based on the improper billing practices and unreported delays in completing the project.

28. Plaintiff further opposed submitting false information to the Army in connection with billing invoices.

29. In response to Plaintiff's opposition, Defendant terminated Plaintiff's employment under false pretenses.

30. As a result of Defendant's retaliatory termination in violation of the FCA, Plaintiff has suffered, and continues to suffer lost wages and benefits, and emotional distress, for which he is entitled to an award of monetary damages

31. Plaintiff also seeks reasonable attorneys' fees and expenses as provided for under the FCA.

## COUNT II
## VIOLATION OF FLA. STAT. 448.102

32. Plaintiff realleges and adopts the allegations stated in Paragraphs 10-25 as though fully set forth herein.

33. As detailed above, Plaintiff objected to and refused to participate in fraudulent billing practices with the Army in violation of the FCA.

34. In response to Plaintiff's opposition, Defendant terminated Plaintiff's employment under false pretenses.

35. As a result of Defendant's retaliatory termination in violation of the PWA, Plaintiff has suffered, and continues to suffer lost wages and benefits, and emotional distress, for which he is entitled to an award of monetary damages

36. Plaintiff also seeks reasonable attorneys' fees and expenses as provided for under the PWA.

## COUNT III
## BREACH OF CONTRACT

37. Plaintiff realleges and adopts the allegations stated in Paragraphs 16-18, 24-25 as though fully set forth herein.

38. Plaintiff was promised a profitability bonus that would be prorated if terminated for anything other than egregious management or safety failures, or criminal activity.

39. Plaintiff was terminated on November 27, 2024 for a reason other than egregious management or safety failures, or criminal activity.

40. Defendant has failed to pay Plaintiff a pro-rated portion of the profitability bonus in violation the agreement.

41. Plaintiff has been damaged in an amount equal to the pro-rated portion of the profitability bonus, which is believed to be in excess of $99,000.

**WHEREFORE**, Plaintiff, Joseph Shonka, demands judgment against Defendant and requests this Court award damages including:

A. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, an award of two times the amount back pay and loss of benefits through the date of trial and front pay and future loss of benefits if the equitable remedies of employment, reinstatement and promotion are not feasible;

B. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, for the profitability bonus owed to Plaintiff.

C. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, an award for emotional distress;

D. Prejudgment interest on all amounts due;

E. An award of Plaintiff's reasonable attorneys' fees and costs; and,

F. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 5, 2025

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: _____
Bryan Arbeit, Bar No. 1010329

8151 Peters Rd, 4th Fl.
Plantation, FL 33324
Tel: (954) 694-9610
barbeit@forthepeople.com

6

Jeremy Stephens, Esq.
*Pro Hac Forthcoming*
191 Peachtree Street,
N.E., Ste. 4200
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
jstephens@forthepeople.com

*Attorneys for Plaintiff*